**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| PENNSYLVANIA NATIONAL MUTUAL | ) | |
| INSURANCE CO., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION: 1:18-00255-KD-MU |
| | ) | |
| FCCI INSURANCE CO., *et al.,* | ) | |
|     Defendants. | ) | |

**ORDER**

This matter is before the Court on Defendants' motion to stay (Doc. 7) and Plaintiff's response (Doc. 9).

This is a declaratory judgment action filed by Plaintiff Pennsylvania Insurance Company (Plaintiff) against two (2) insurance companies, with regard to an insurance coverage dispute stemming from a Mobile County Circuit court action (CV-2016900692) initiated by homeowners (Roberta Swain and Ronne Swain, Jr. (Swains)) against a homebuilder (Gaillard Builders, Inc. (Gaillard)).  The Swains allege defective conditions in construction by Gaillard of a residential home (e.g., faulty workmanship, etc.).  Plaintiff is presently providing its insured, Gaillard, a defense in the state court action.  Plaintiff also intervened in that action.  The defendants in this case, two (2) other insurance companies, have also filed motions to intervene in the state court action to obtain discovery.

On May 31, 2018, Plaintiff initiated this declaratory judgment action against FCCI Insurance Company and National Trust Insurance Company (Defendants), asserting that Plaintiff's insured (Gaillard) also has other insurance policies with the defendants.  (Doc. 1).  Plaintiff asserts that the defendants have a concurrent duty to defend and indemnify Gaillard in the state court

action, versus Plaintiff alone. Plaintiff accordingly seeks a declaration that all three (3) insurance companies must share in the costs of the defense and indemnity, and from that premise, asserts claims for equitable contribution and unjust enrichment.

On June 25, 2018, Defendants filed a motion to stay Plaintiff's declaratory judgment action until the state action is resolved (set for trial Sept 24, 2018) based on ripeness (that it is premature for this Court to resolve the federal action). As grounds, Defendants argue that the same questions of fact are currently being litigated in the state court action and that the state court claims must first be adjudicated before any assessment of the declaratory judgment action can occur. As grounds, defendants rely on State Farm Fire and Cas. Co. v. Green, 624 So.2d 438 (Ala. 1993) to contend that "when the liability of an insurer to pay for injuries suffered by a third party is predicated on establishment of liability of its insured to that third party, direct action by third party against insurer is not permitted until third party obtains judgment against insured." (Doc. 7 at 3). Per the Defendants, Plaintiff seeks that this Court determine that the Defendants owe indemnity to Gaillard, and that such a determination is premature as that relief is predicated on first finding Gaillard legally liable to the Swains for damages in the state court case. (Id.)

In response, Plaintiff explains that it seeks a declaration that there is a concurrent duty to defend Gaillard -- as to all three (3) insurance companies -- and so seeks relief requiring Defendants to reimburse Plaintiff its share of defense costs and assume their share of defense costs going forward. (Doc. 9 at 2-3 (citing State Farm Mut. Auto Ins. Co. v. General Mut. Ins. Co., 210 So.2d 688 (Ala. 1968)). Additionally, Plaintiff notes that the Green case Defendants cite actually addresses indemnification, not the duty to defend, and so is irrelevant in part. (Doc. 9 at 3). Moreover, Plaintiff asserts that its equitable contribution claim speaks to the duty to defend, which

is ripe and which does not depend on a liability finding in the state court action, but rather simply what is alleged in the complaint.

While Defendants appear to seek a stay of this *entire* declaratory judgment action (duty to defend and duty to indemnify), they only address indemnity in the motion to stay. As to indemnity, Defendants are *essentially* correct that issues of indemnity are *typically* premature unless/until there has been a liability determination in the underlying action.[1] Moreover, the duty to defend is only "measured by the allegations of the underlying complaint" whereas "the duty to indemnify is measured by the facts as they unfold at trial" of the underlying action. Summit Contractors, Inc. v. Amerisure Mut. Ins. Co., 2014 WL 936734 (M.D. Fla. Mar. 10, 2014). Indeed, as explained by the Eleventh Circuit: 1) the duty to defend is broad and "determined solely" by comparing the insured's policy to the complaint, EmbroidMe.com, Inc. v. Travelers Cas. Co. of Am., 845 F.3d 1099, 1107 (11th Cir. 2017); and 2) the duty to indemnify is "narrower and is determined by the underlying facts adduced at trial or developed through discovery during litigation[,]" Stephens v. Mid–Continent Cas. Co., 749 F.3d 1318, 1325 (11th Cir. 2014) (internal quotations omitted).

Accordingly, as to Defendants' request to stay this action on the basis that a determination as to Plaintiff's indemnity claim is premature at this time, the Court -- rather than issue a stay -- **HOLDS THE INDEMNITY CLAIM IN ABEYANCE** such that Defendants' motion to stay is

---

1 However, "a judicial determination of no duty to defend compels a finding of no duty to indemnify." Essex Ins. Co. v. Foley, 827 F.Supp.2d 1326, 1331 (S.D. Ala. 2011) (citing Trailer Bridge, Inc. v. Illinois Nat'l Ins. Co., 657 F.3d 1135, 1146 (11th Cir. 2011); Geovera Spec. Ins. Co., 831 F. Supp. 2d at 1311-1312 ("As the duty to defend is broader than the duty to indemnify, if a court determines there is no duty to defend, as a matter of law there cannot be a duty to indemnify[]). See also e.g., Travelers Prop. Cas. Co. of Am. v. Salt 'N Blue LLC, 2018 WL 2095483, *2 (11th Cir. May 7, 2018) (if there is no duty to defend, "it necessarily follows that…[there is]..no duty to indemnify…[]"); Doe v. Hudson Spec. Ins. Co., 2017 WL 979263, *4 (S.D. Fla. Mar. 14, 2017) (same); Philadelphia Indem. Ins. Co. v. Yachtsman's Inn Condo Ass'n, Inc., 595 F.Supp.2d 1319, 1322 (S.D. Fla. 2009) (same) Atain Spec. Ins. Co. v. Miami Drywall & Stucco, Inc., 2012 WL 3043002, *2 (S.D. Fla. Jul. 25, 2012) (same).

**DENIED.**  Additionally, to the extent Defendants' motion requests to stay this action on the basis that a determination of the duty to defend is likewise premature, the motion is **DENIED.**  See, e.g., National Builders Ins. Co. v. RQ Building Prod., Inc., 709 Fed. Appx. 677, 678 (11th Cir. 2018) (per curiam) (reversing the lower court's stay of entire action because it "should have separately addressed the duty to defend[]" apart from the duty to indemnify as premature); Four Four, LLC v. Maiden Ins. Co., 2018 WL 2946397, *1 (M.D. Ala. Jun. 12, 2018) ("[w]hile it is indeed premature to determine whether and to what extent the insurers must provide coverage if their insured is one day found liable, the question of the insurers' duty to defend is a live controversy properly before the court….Defendants'…motion to stay will be granted with respect to the duty to indemnify and denied with respect to the duty to defend[]").  See also generally Hartford Fire Ins. Co. v. Weathertrol Maint. Corp., 2017 WL 5643298, *4-5 (M.D. Ala. Feb. 21, 2017); Pennsylvania Nat. Mut. Cas. Ins. Co. v. King, 2012 WL 280656, *4 (S.D. Ala. Jan. 30, 2012); Great West Cas. Co. v. Firstfleet, Inc., 2013 WL 4165715, *8-9 (S.D. Ala. Jul. 18, 2013).

       **DONE** and **ORDERED** this the **24th** day of **July 2018.**

                      /s/ Kristi K. DuBose
                      **KRISTI K. DuBOSE**
                      **CHIEF UNITED STATES DISTRICT JUDGE**